S T A T E   M E
C
r

STATE OF MAINE

CUMBERLAND, ss

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-06-2742

STATE OF MAINE

v.

JAMES PATON,

Defendant

ORDER ON DEFENDANT'S
MOTION TO DISMISS

The defendant argues the complaint against him should be dismissed for failure to prosecute. The date of the alleged offense is 7/23/06; the date of the complaint is 9/8/06. A jury trial request and other motions were filed by the defendant on 9/20/06. No further action occurred in this case until the defendant's attorney requested by letter dated 10/22/07 that the matter be scheduled for hearing. The defendant relies on the defendant's affidavit and argument presented at the hearing.

The four-part balancing test is applied to determine whether the defendant has been deprived of a speedy trial. See State v. Willoughby, 507 A.2d 1060, 1064 (Me. 1986) (citing State v. Murphy, 496 A.2d 623, 627 (Me. 1985)). The delay in this case is sufficiently long to raise an inference of prejudice. See State v. Beauchene, 541 A.2d 914, 918 (Me. 1988); Willoughby, 507 A.2d at 1064-65. The delay is not, however, chargeable to the State. This case appears to have been "lost" in the system. The State did not pursue the case and the defendant did not request a speedy trial.[1] The defendant filed a request for hearing on 10/22/07. See State v. Carisio, 552 A.2d 23, 26 (Me. 1988);

---

[1] A jury trial request and a letter requesting a hearing are not the equivalent of a request for a speedy trial.

A True Copy
Attest: _____
Clerk of Court

Beauchene, 541 A.2d at 918-19; Willoughby, 507 A.2d at 1065-66; see also Murphy, 496 A.2d at 629 ("concurrent inattention" to case on part of State and defendant).

Finally, the defendant is not incarcerated. He does not suggest in his affidavit that his defense is impaired. He does state that his potential employment in the United States may be jeopardized by the pendency of this case. See Beauchene, 541 A.2d at 919; Willoughby, 507 A.2d at 1064; Carisio, 552 A.2d at 26. Although the defendant has no obligation to bring himself to trial, his failure to request a speedy trial diminishes the claim of prejudice. See Murphy, 496 A.2d at 26.

The entry is

The Defendant's Motion to DISMISS is DENIED.

Date: February 26, 2008

Nancy Mills
Justice, Superior Court

A True Copy
Attest: _____
Clerk, _____

2